**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANNA HALL,<br><br>Plaintiff,<br><br>v.<br><br>MARKETEAM, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.:<br>1:25-cv-00742-MHC |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendant MarkeTeam, LLC opposes Plaintiff Anna Hall's Renewed Partial Motion for Summary Judgment. Hall testified that she had a verbal agreement with Jon Cohen and she does not recall executing a written agreement. Hall's Motion attempts to circumvent this testimony through carefully crafted affidavits in order to retroactively create a written contract where none existed. Regardless, the document Hall argues constitutes a written contract simply is not one. Plus, even if the document Hall points to could be construed as a written contract, there is insufficient evidence that MarkeTeam breached the agreement. Hall therefore cannot recover for breach of contract. Nor can Hall recover for alternative theories of quantum meruit or unjust enrichment because she puts no evidence in the record to support her cursory assertions on the claims. Plaintiff's Renewed Partial Motion for Summary Judgment must be denied.

## I. *Hall did not have an enforceable written contract and there is insufficient evidence MarkeTeam breached any agreement.*

Hall moves for summary judgment on Count I of the Amended Complaint, which seeks recovery for breach of a contract. Hall argues that in 2018 she entered into a written contract in which she agreed to work four days per week in exchange for a 20% reduction in her annual salary. [Doc. 32-1 at 5]. Hall claims that MarkeTeam then required her to work five days per week but continued to pay her at a reduced salary. [Id.].

### a. Hall's email exchange with Bell is not an enforceable contract.

Hall testified that in 2018 Jon Cohen told her the company had to make cuts and so she was being terminated. [Doc. 35-1, Hall Dep. at 31:22–32:14]. She said that she pleaded for her job with Ron Bell, the company's founder, and thereafter agreed with Cohen that she could keep her job and health benefits if she worked only four days per week and took a 20% reduction in her salary. [Id. at 33:15–21]. Hall testified that Cohen verbally made her this offer, and she accepted. [Id. at 36:4–7; 36:21–37:4]. Hall reiterates that Cohen's offer was verbal in her declaration. [Doc. 33-1 at 3, ¶ 7]. Hall stated she "do[es] not recall" whether she and Cohen ever executed a written agreement. [Doc. 35-1, Hall Dep. at 36:21–37:5].

Despite this testimony, Hall now claims she had a written contract with MarkeTeam. [Doc. 32-1 at 5]. Hall claims this written contract is found in an email

chain between herself and Ron Bell. [Doc. 32-1 at 5–7]. The first email in the chain appears to be initiated by Hall on January 29, 2018. Hall states:

> So it was agreed upon that I will take a 20% pay cut and have 1 day a week off and that day cannot be every Friday. Am I still allowed 1 day a week work from home, where it was 2?

[Doc. 33-2 at 7]. Bell responds later that day, stating:

> I think that you should discuss this with Jon and Brian – once again, trying not to be involved in every decision in the company… [smiley face].

[Id. at 6]. Thus, in one breath Hall asserts she had a verbal agreement with Cohen, and in another she claims she had a written agreement with Bell. This contradiction alone is sufficient to defeat Plaintiff's Motion. Yet even if the Court ignored Hall's testimony, her exchange with Bell does not constitute a contract.

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. Mutual assent of the parties is a particularly important element to a contract. "[A]bsent the parties' mutual assent, there is no enforceable contract." *Hart v. Hart*, 297 Ga. 709, 712 (2015); *Messick v. Messick*, 359 Ga. App. 481, 482 (2021). "No contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced." *Moss v. Moss*, 265 Ga. 802, 803 (1995).

Here, Hall sends Bell an email with what she says, “was agreed upon.” [Doc. 33-2 at 7]. Hall’s use of the past tense indicates an agreement was already made prior to her contacting Bell. Hall does not say in her email who she made that agreement with. In response, Bell does not state whether that agreement was made with him. Nor does Bell agree to any of the terms of the agreement Hall identifies, *i.e.*, that she “will take a 20% pay cut and have 1 day a week off.” Rather, Bell replies that he does not want to be a part of the conversation, much less any agreement, and directs Hall to discuss these matters with other people. [Id. at 6]. Therefore, Bell never ascended to the terms of any agreement with Hall, and their email exchange does not constitute an enforceable contract. O.C.G.A. § 13-3-1; *Hart*, 297 Ga. at 712.

**b. There is insufficient evidence MarkeTeam required Hall to work five days per week and that she actually did.**

Hall claims MarkeTeam breached the agreement that she would work four days per week and take a 20% salary reduction because she worked five days per week and still received a reduced salary. [Doc. 32-1 at 7–8]. Hall alleges that MarkeTeam breached the agreement because it required her to work five days per week. Hall’s only support for this assertion is her own declaration that she had to work five days per week in order “to facilitate and respond to time-sensitive customer and internal requirements of MarkeTeam[.]” [Doc. 33-1 at 3, ¶ 9]. Hall has not put any other evidence in the record showing MarkeTeam required her to work five days per week over a six year period from 2018 through 2023. Plaintiff took no

depositions so there are no statements in the record from MarkeTeam on this point. Moreover, Hall's cursory statement in her declaration does not explain what "customer and internal requirements" she had to meet on each fifth day of the week. Nor does Hall explain why any of those requirements could not have otherwise been met during the other four days she worked each week.

Even assuming MarkeTeam required Hall to work five days per week there is insufficient evidence that she actually did. Hall's declaration professes that during her deposition she "confirmed" that she worked on all Wednesdays from 2018 through 2023, unless it was a holiday or she was on vacation. [Doc. 33-2 at 4, ¶ 10]. But this is not consistent with Hall's testimony. Rather, Hall testified that she could not remember which days she worked and which days she took part or all of the day off. [Doc. 35-1, Hall Dep. at 53:1–59:16]. Hall's testimony makes sense because it would be virtually impossible to remember which specific days someone worked and which days they did not over a six year period. Given that Hall's only evidence of MarkeTeam's breach are her own contradictory statements, Hall should not be granted summary judgment.

For the foregoing reasons, Hall did not have an enforceable written contract with MarkeTeam to take four days off work in exchange for a 20% reduction in her salary, and even if she did there is insufficient evidence that MarkeTeam breached that agreement. Summary judgment in Plaintiff's favor must be denied.

## II. *Assuming Hall had a verbal agreement, it is still unenforceable.*

As explained above, Hall's email exchange with Bell is not an enforceable written contract. Hall does not present any other evidence or document constituting a written contract, and MarkeTeam is not aware of any. Therefore, at best Hall had a verbal agreement with Cohen to keep her job and health benefits, work four days per week, and take a 20% reduction in her salary from 2018 forward.

Hall and Cohen's agreement, however, is unenforceable. MarkeTeam explains in detail why this agreement is unenforceable in Defendant's Motion for Summary Judgment. [Doc. 34-1 at 9–12]. To avoid redundancy, MarkeTeam will not restate that entire argument here, and refers the Court to Defendant's Brief in Support of its Motion for Summary Judgment. [Id.]. In short, oral employment agreements for an indefinite time are unenforceable under Georgia law. *Crawford v. Scott*, 368 Ga. App. 249, 252–53 (2023); *Pickle Logging, Inc. v. Georgia Pacific Corp.*, 276 Ga. App. 398, 400 (2005). The Court must deny Plaintiff summary judgment for breach of contract.

## III. *There is no evidence which supports Hall's conclusory claim for quantum meruit.*

In the alternative to breach of contract, Hall argues she satisfies the elements of quantum meruit in Count II of the Amended Complaint without any genuine disputes of material fact. Those elements are that (1) the provider performed valuable services to the recipient; (2) either at the request of the recipient or

knowingly accepted by the recipient; (3) the recipient's receipt of which without compensating the provider would be unjust; and (4) the provider expected compensation at the time the services were rendered. *Hollifield v. Monte Vista Biblical Gardens, Inc.*, 251 Ga. App. 124, 128–29 (2001); O.C.G.A. § 9-2-7. However, "[q]uantum meruit does not apply where the services are rendered with no expectation of compensation being recovered[.]" *Hollifield*, 251 Ga. App. at 129.

In support of the first element, Hall lists a series of vague tasks that she allegedly performed on the fifth day of each week. [Doc. 32-1 at 12–13]. Hall does not claim, however, that these are tasks she would not have otherwise performed on the other four days she worked. Nor is there any evidence in the record as to the value of these services, or why their being performed on a specific fifth day of the week was more valuable than their completion on any other day Hall worked.

For the third element, Hall simply states that "it would be unjust for MarkeTeam to benefit from Mrs. Hall's additional work without providing appropriate compensation." [Doc. 32-1 at 13]. Hall cites neither caselaw nor fact with this conclusory statement. As explained in Defendant's Brief in Support of its Motion for Summary Judgment, there is no evidence that Hall's compensation, even reduced from its "original" value, was not reasonable, so she "conceded that her salary reasonably compensated her by continuing to work for it throughout the entire period in question." *Rodriguez v. Vision Correction Grp., Inc.*, 260 Ga. App. 478,

479 (2003) (citing *Nelson & Hill, P.A. v. Wood,* 245 Ga. App. 60, 64 (2000). [Doc. 34-1 at 15–16].

Hall makes another conclusory statement unsupported by law or fact for the fourth element: "Finally, Mrs. Hall expected to be compensated for her work, as evidenced by the original agreement to reduce her workweek in exchange for a salary reduction." [Doc. 32-1 at 13]. Again, as explained in Defendant's Brief in Support of its Motion for Summary Judgment, Hall testified that she expected MarkeTeam would eventually compensate her for working a fifth day each week. [Doc. 35-1, Hall Dep. at 62:13–63:3].

Hall's expectation, however, is untenable and unreasonable as a matter of law, such that no jury could find she genuinely expected to be compensated for her additional work. To avoid redundancy, MarkeTeam will not restate its entire argument on this claim here and instead refers the Court to Defendant's Brief in Support of its Motion for Summary Judgment. [Doc. 34-1 at 12–18]. In short, the very basis of Hall's agreement with Cohen implies that she would not be paid for working five days per week, and Hall's failure to complain or ask for the salary back over six years precludes her from recovering it now. [Id.].

For the foregoing reasons, Hall's claim for quantum meruit is wholly unsupported by the evidence, and summary judgment in Plaintiff's favor must be denied.

## IV. *There is no evidence which supports Hall's conclusory claim for unjust enrichment.*

In the alternative to breach of contract and quantum meruit, Hall argues she satisfies the elements of unjust enrichment, Count III of the Amended Complaint, without any genuine disputes of material fact. Those elements are that the plaintiff was (1) induced or encouraged to provide something of value to the defendant; (2) the plaintiff provided that benefit to the defendant with the expectation that defendant would be responsible for the cost thereof; and (3) that the defendant knew of the benefit and either affirmatively accepted it or failed to reject it. *Sitterli v. Csachi*, 344 Ga. App. 671, 673 (2018) (citing *Campbell v. Ailion*, 338 Ga. App. 382, 387 (2016)).

This section of Hall's brief is even more conclusory than the other claims. Hall simply asserts without citation to law or fact that she establishes the elements of this claim. Again, to avoid redundancy, MarkeTeam will not restate its entire argument on this claim and instead refers the Court to Defendant's Brief in Support of its Motion for Summary Judgment. [Doc. 34-1 at 12–18]. In short, Hall was reasonably compensated, there is no evidence to the contrary, and no jury could find that she believed MarkeTeam would eventually compensate her for working a fifth day of the week. [Id.].

For the foregoing reasons, Hall's claim for unjust enrichment is wholly unsupported by the evidence, and summary judgment in Plaintiff's favor must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Partial Motion for Summary Judgment must be denied in its entirety.[1]

This 10th day of November, 2025.

**HALL BOOTH SMITH, P.C.**

***/s/ Henry M. Cleland***
RUSSELL A. BRITT
Georgia Bar No. 473664
HENRY M. CLELAND
Georgia Bar No. 663931

*Attorneys for Defendant*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
rbritt@hallboothsmith.com
hcleland@hallboothsmith.com

---

[1] Plaintiff's Motion must also be denied to the extent it seeks pre-judgment interest under Count VI of the Amended Complaint. A plaintiff may only recover on that ancillary claim if they recover on an underlying substantive claim. *See Cabrel v. Lum*, 289 Ga. 233, 240 (2011); *Sec. Real Est. Servs., Inc. v. First Bank of Dalton*, 325 Ga. App. 13, 14 (2013); *Cooney v. Burnham*, 283 Ga. 134, 136 n.11 (2008); *Georgia Lottery Corp. v. Vasaya*, 353 Ga. App. 52, 58 (2019). Because Hall cannot recover on any underlying substantive claims, she cannot recover on this claim either.

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendant certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

This 10th day of November, 2025.

**HALL BOOTH SMITH, P.C.**

***/s/ Henry M. Cleland***

RUSSELL A. BRITT
Georgia Bar No. 473664
HENRY M. CLELAND
Georgia Bar No. 663931

*Attorneys for Defendant*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
rbritt@hallboothsmith.com
hcleland@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED PARTIAL MOTION FOR SUMMARY JUDGMENT** upon all parties to this matter via the CM/ECF system which will automatically send electronic notifications to all counsel of record as follows:

Vernon M. Strickland
Joy D. Bonner
Strickland Debrow LLP
246 Bullsboro Drive, Suite A
Newnan, GA 30263
vstrickland@stricklanddebrow.com
jbonner@stricklanddebrow.com
*Attorneys for Plaintiff*

This 10th day of November, 2025.

**HALL BOOTH SMITH, P.C.**

***/s/ Henry M. Cleland***
RUSSELL A. BRITT
Georgia Bar No. 473664
HENRY M. CLELAND
Georgia Bar No. 663931

*Attorneys for Defendant*

191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404-954-5000 / 404-954-5020 Fax
rbritt@hallboothsmith.com
hcleland@hallboothsmith.com